IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Robert C. Ontiberos,

      Plaintiff,

vs.                                          Case No. 15-1179-JTM

Christine M.T. Ladner,

      Defendant.

MEMORANDUM AND ORDER

Plaintiff Robert Ontiberos is a convicted sex offender, and the Kansas Department of Corrections (KDOC) commenced civil commitment proceedings against him under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01, in 2007. In the course of that proceeding, Ontiberos stipulated that there was probable cause to believe he was a predator as defined by the Act, and he was transferred from the custody of the KDOC to the Sedgwick County Adult Detention Facility. In 2008, a jury agreed that Ontiberos was a sexually violent predator. Ontiberos appealed this determination, and the Kansas Supreme Court ultimately determined that Ontiberos's trial counsel was ineffective, *In re Ontiberos*, 295 Kan. 10, 287 P.3d 855 (2012), and remanded the proceedings for a new trial.

The Supreme Court issued no directive for the immediate release of Ontiberos pending a new trial. On April 12, 2013, counsel for Ontiberos filed various motions seeking

his release on various legal grounds, but *not* challenging the sufficiency of the evidence as to the probable cause determination. The court conducted no hearing on Ontiberos's confinement pursuant to Section 59-29a08. Ultimately, Ontiberos was released after Kansas Assistant Attorney General Christine Ladner entered her appearance in the action in 2014 and filed a motion to dismiss the proceeding.

In the present action, Ontiberos has sued Ladner for illegal seizure and violation of his right to a speedy trial under the Fourth and Sixth Amendments. Ladner has moved to dismiss the action on the grounds of Eleventh Amendment immunity, qualified immunity, improper service of process, improper collateral attack to the decision of a state court, the statute of limitations, and failure to state a claim. For the reasons provided herein, the court hereby grants the Motion to Dismiss.

The Eleventh Amendment bars any claim for damages against Ladner in her official capacity, *see Hernandez v. Conde*, 442 F. Supp. 2d 1141, 1152 (D. Kan. 2006), just as the doctrine of absolute prosecutorial immunity shields the defendant for claims such as those advanced here. *See Kalina v. Fletcher*, 522 U.S. 118 (1997).

Ontiberos argues (Dkt. 11, at 4-6) that the doctrine of prosecutorial immunity cannot shield Lander because he was held under a *civil* commitment proceeding. But the doctrine is not limited to proceedings which are criminal in name; it also applies to actions undertaken by state attorneys which are "analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings." *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000).

2

> To distinguish between actions that are intimately associated with the judicial process and those that are investigative or administrative in nature, we look to whether the actions can rightly be considered advocacy because that is the prosecutor's main function and the one most akin to his quasi-judicial role. Furthermore, absolute immunity may attach even to administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.

*PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1195-96 (10th Cir. 2010) (internal quotations and citations omitted).

As noted below, the court finds that Ontiberos's claims against Ladner fail because there is no evidence or allegation that she was involved in any way in his detention (which was commenced by the KDOC and later overseen by another executive agency, the Secretary of Aging and Disability Services) other than by seeking his release in 2014. However, even assuming she was involved in the case earlier than the motion to release, the decision whether to seek the release pending a retrial of a person previously determined to be a sexually violent predator is the action of an officer of the court which is entitled to prosecutorial immunity. As indicated above, the Kansas Supreme Court did not exonerate Ontiberos. It simply determined that his defense counsel was constitutionally ineffective in his trial performance. The court then remanded the case for a new trial, and did not direct the immediate release of the defendant pending the new trial. Ontiberos's liberty could only be secured by an order of the trial court, and seeking such an order would be a classic illustration of prosecutorial judgment and discretion.

There is no evidence or allegation that defendant Ladner herself acted in any way to prevent the April 12, 2013 motions from being acted upon. Nor does the Complaint

3

indicate why Ontiberos or his counsel failed to obtain a ruling on these motions in 2013. There is nothing to indicate that Lander did anything to frustrate an earlier ruling by the state court. Indeed, Ladner's 2014 Motion to Dismiss the civil commitment proceeding, attached by the plaintiff to his Response to the Motion to Dismiss, indicates that her motion was delayed by Ontiberos's own attempt to quash her subpoena of his treatment records from Larned State Hospital. (Dkt. 11-2, at 2). Once the treatment records were released to Ladner in 2014 and she was able to review them, she moved for dismissal of the commitment proceedings because the records "document [Ontiberos's] substantial progress in sex offender treatment." (*Id*. at ¶ 3).

Ladner is also entitled to the protection of qualified immunity, the doctrine which protects government officials performing discretionary functions whose conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See McInerney v. King*, 791 F.3d 1224 (10th Cir. 2015). When a defendant seeks dismissal of a claim based upon qualified immunity, the court determines whether the plaintiff has alleged that the defendant deprived them of constitutional rights, and whether those rights were clearly established at that time. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The plaintiff bears the burden of making this showing. *See Peterson v. Jensen*, 371 F.3d 1199, 1201-02 (10th Cir. 2004).

Here, the plaintiff has failed to demonstrate the violation of any clearly established right by defendant Ladner. In his Response (Dkt. 11 at 11), Ontiberos correctly observes that, at the most general level, civil commitment under the state predator Act requires a

finding of probable cause. He wholly ignores, however, that the state court made such a determination, and did so *based upon Ontiberos's own stipulation.*

The court's inquiry into whether a given constitutional right is clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009). Here, the plaintiff has presented no case from any jurisdiction, let alone any controlling authority from the Tenth Circuit or the United States Supreme Court, defining the duty of a prosecutor, who was not previously involved civil commitment proceeding, to actively and affirmatively to seek the freedom of a person who has previously stipulated that probable cause existed to believe he was a sexually violent predator. The court finds that the defendant is entitled to the defense of qualified immunity.

Because the court finds that the defendant is clearly entitled to the immunity defenses advanced in the Motion to Dismiss, it need not resolve the additional grounds for relief set forth in that motion.

IT IS ACCORDINGLY ORDERED this 5th day of November, 2015, that the defendant's Motion to Dismiss (Dkt. 5) is granted for the reasons provided herein.

                                                      s/ J. Thomas Marten  
                                                  J. THOMAS MARTEN, JUDGE